IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE L. REED,                           No. C-10-3173 TEH (PR)

        Plaintiff,

    v.                                    ORDER DISMISSING COMPLAINT WITH
                                           LEAVE TO AMEND
ROBERT K. WONG,

        Defendant.
_____/

        Plaintiff, a prisoner presently incarcerated at Kern Valley State Prison in Delano, California, and frequent litigant in federal court, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 alleging that Robert K. Wong, former Warden of San Quentin State Prison ("SQSP"), "should have known" about how various SQSP correctional officers were deliberately indifferent to Plaintiff's safety while he was imprisoned at that facility. Doc. #1 at 3. Plaintiff also seeks leave to proceed in forma pauperis, Doc. #2, which will be granted in a separate order. In this Order, the Court will conduct its initial review of the Complaint pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

A complaint must set forth specific facts showing how each defendant proximately caused the deprivation of a federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988.) Further, a supervisor – such as former SQSP Warden Robert K. Wong, the Defendant named by Plaintiff in the instant action – may be liable under 42 U.S.C. § 1983 only upon a showing of: (1) personal involvement in the constitutional deprivation; or (2) a

1 sufficient causal connection between the supervisor's wrongful
2 conduct and the constitutional violation.  <u>Redman v. County of San</u>
3 <u>Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor
4 therefore generally "is only liable for constitutional violations of
5 his subordinates if the supervisor participated in or directed the
6 violations, or knew of the violations and failed to act to prevent
7 them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

### III

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1982); <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  The failure of prison officials to protect prisoners from attacks by other prisoners or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to prisoner safety.  <u>Farmer</u>, 511 U.S. at 834; <u>Hearns</u>, 413 F.3d at 1040–41.

*//*
*//*
*//*

3

**IV**

Here, Plaintiff's statement that former SQSP Warden Robert K. Wong "should have known" that SQSP correctional officers were deliberately indifferent to Plaintiff's safety is insufficient to state an Eighth Amendment claim under 42 U.S.C. § 1983. Instead of an outright dismissal, Plaintiff will be afforded an opportunity to file an amended complaint within thirty (30) days from the date of this order to correct the pleading deficiencies, as set forth above, contained in the original complaint.

**V**

For the foregoing reasons, the Complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT. The pleading must be simple, concise and direct and must state clearly and succinctly how Defendant Robert K. Wong is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The pleading must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within thirty (30) days of this order will result in the dismissal of this action.

Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and Defendants not included in the First Amended Complaint will not be considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff further is advised that it is his responsibility

4

to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk entitled  "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED    _03/28/2011_       _____
                                    THELTON E. HENDERSON
                                    United States District Judge

G:\PRO-SE\TEH\CR.10\Reed-10-3173-dwlta.wpd